IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MARY HODGE

vs.                                             CIVIL ACTION 6:10-CV-00038
                                                JURY REQUESTED

MURPHY HEALTHCARE III, LLC
D/B/A
FRANKSTON HEALTHCARE CENTER

PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1.   The named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendant.  Defendant has failed to pay Plaintiff and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities.  For herself the named Plaintiff seeks her unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.   The named Plaintiff, MARY HODGE, is a former employee of the Defendant.  The Plaintiff brings this action to recover unpaid compensation due to her.

3.   The Defendant is MURPHY HEALTHCARE III, LLC; A/K/A FRANKSTON HEALTHCARE CENTER, doing business in the State of Texas.  Defendant, can be served with

process in this case by serving its attorney of record, Gregory J. Wright, P. O. Box 3349, Longview, Texas 75606-3349. At all times relevant to this lawsuit, the Defendant has employed and continues to employ a substantial number of employees in non-exempt work. Defendant's business operation in Anderson County, Texas, is, at present, and was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

## FACTS

5. Defendant, MURPHY HEALTHCARE III, LLC; D/B/A FRANKSTON HEALTHCARE CENTER is an employer and enterprise as those terms are defined by the FLSA.

6. At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

7. At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

8. Defendant has repeatedly and willfully violated, and continues to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff for hours in

**PLAINTIFF'S THIRD AMENDED COMPLAINT**
**Page 2**

excess of forty (40) hours per week at a rate not less than one and one-half times the regular hourly rate of pay at which such employees are compensated ("overtime")  29 U.S.C. §206, 29 U.S.C. §207.

9.  Plaintiff is employed in a position which is not exempt from the requirement that she be compensated for her hours of work by the payment of straight time and overtime.  Defendant has repeatedly and consistently failed to pay Plaintiff for her work off the clock, which is an integral and indispensable to her principal activities in her continuous workday.

10.  The payments are proper for the 40 hours week but do not include any pay for which Plaintiff worked off the clock during her breaks for lunch.

11.  After the production of documents from Defendant regarding Plaintiff's Employee Timecard Report, it was discovered that numerous timecard reports had been altered.  Examples of these are included in Exhibit "A", which reflect an added item.  The first document in Exhibit "A" reflects that Plaintiff clocked in and out the same time for December 7, December 8, and December 9, 2009.  Whereas the other timecard reports reflect different dates and times for each day.  Plaintiff often worked different hours than are reflected in the time card reports.  Due to the discrepancy in said documents Plaintiff has requested copies of Patient Chart's which contains a space for date and time in said chart. (this is reflected in Exhibit "B", No. 17 and 18, being Answers to Interrogatories).  In addition Defendant had the ability to alter the time clock. (See Exhibit "B", No. 20).  Defendant has refused to produce said charts, despite a proposed agreement on confidentiality.   A party's intentional nonproduction or destruction of a relevant document is evidence from which the jury may infer that its contents would have been unfavorable to that party, provided that the party had notice that the document was relevant to

**PLAINTIFF'S THIRD AMENDED COMPLAINT**
**Page 3**

pending or foreseeable litigation at the time he destroyed or failed to produce them. *Nation-Wide Check Corp.*, 692 F.2d at 217-18 (citing 2 Wigmore on Evidence §§ 291 (Chadbourn rev.1979)); see *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir.1988); *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir.1975); Broomfield v. Texas General Indemnity Co., 201 F.2d 746, 749 (5th Cir.1953); *Warner Barnes & Co. v. Kokosai Kisen Kabushiki Kaisha*, 102 F.2d 450, 453 (2d Cir.), modified, 103 F.2d 430 (2d Cir.1939).

12. Per agreement with Defendant, Plaintiff was entitled to vacation pay for hours worked after a certain period of employment. Plaintiff was entitled to forty (40) hours of vacation pay per said agreement, that Plaintiff was not paid, being the amount of $780.00.

## ATTORNEY FEES

13. It was necessary for the plaintiff to retain the undersigned attorney to represent her in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

## REQUESTED RELIEF

14. Plaintiff has suffered and continues to suffer damages as a result of the Defendant's failure and refusal to pay proper compensation, as shown above, because of the Defendant's continued

violations of the FLSA. Plaintiff is entitled to judgment granting her damages in the amount of the difference between the partial wages actually received by the Plaintiff and the full wages she is entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities.

15. Plaintiff, in addition for her claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be granted:

1. Ordering the Defendant to pay the Plaintiff compensation due as a result of Defendant's violation of the FLSA;

2. Ordering Defendant to pay the Plaintiff liquidated damages;

3. Granting injunctive relief by ordering Defendant to comply with the requirements of the FSLA.

4. Ordering Defendant to pay Plaintiff vacation pay as previously agreed.

5. Ordering Defendant to pay Plaintiff's costs of court in this action;

6. Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

7. Providing such other and further relief as is just and necessary.

Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
Suite 808, 102 N. College
Tyler, Texas 75702
(903)593-5588
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing instrument was forwarded to all attorneys of record by filing this document with the CM/ECF systems for the United States District Court for the Eastern District of Texas.

_____   /s/ Bob Whitehurst
Bob Whitehurst